## Bobinas v. Gordon

*Edward E. Kopko,* for plaintiff
*Betty F. Perry,* for defendant.

HEFFNER, *J.*, April 19, 1982 — On December 2, 1981, plaintiff, Albert Bobinas, a member of the Board of School Directors of the Minersville Area School District, filed a complaint in trespass against defendant, Beverly Gordon, an agent of the Pennsylvania School Service Personnel Association and the Pennsylvania State Education Association. Plaintiff seeks to recover damages from defendant, alleging that he has been defamed and libeled by a charge of unfair practices filed before the Pennsylvania Labor Relations Board. Defendant has filed preliminary objections challenging the jurisdiction of the court and in the nature of a demurrer. This is the matter before the court for disposition.

Defendant initially contends that this court lacks subject matter jurisdiction over a dispute arising under the Public Employees Relations Act. The difficulty with this argument is that the defendant misstates the nature of the action filed here. The complaint filed by plaintiff does not seek to deter-

mine a dispute arising under the Public Employees Relations Act, but seeks to recover damages from the defendant for alleged defamation. Since the action is in trespass for libel, the fact that the Public Employees Relations Act is involved would ordinarily not deprive this Court of subject matter jurisdiction. Compare: Linn v. United Plant Guard Workers of America, 388 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966).

Defendant next contends that the complaint must be dismissed because pleadings in a judicial proceeding are absolutely privileged. In support thereof, defendant cites Binder v. Triangle Publications, Inc., 422 Pa.319, 275 A.2d 53 (1971). Plaintiff, in his brief agrees that this is the law, but contends, inter alia, that the proceeding before the Pennsylvania Labor Relations Board is not a judicial proceeding or a quasi-judicial proceeding.

The powers, duties and authority of the Labor Relations Board are comparable to those of the Workmen's Compensation Board. It has been held that proceedings before the Workmen's Compensation Board are essentially of a judicial character since the board has power to issue subpoenas, administer oaths, require attendance of witnesses and production of books and documents. Shortz v. Farrell, 327 Pa. 81, 193 A.20 (1937). Also, it has been held for the same reasons that proceedings before the Unemployment Compensation Board are judicial. Wagner v. Bell, 70 D.&C. 411 (1949). Similarly the Public Employee Relations Act in Section 1101.1302 gives the board power to issue complaints and set hearings. Section 1101.1302 permits the board to take testimony or hear argument, state its findings of fact and issue orders. Section 1101.1602 gives the board power to have access to evidence, power to issue subpoenas, administer

oaths, examine evidence and the power to require the attendance of witnesses and the production of any evidence that relates to the matter under investigation. Finally the court of common pleas is given jurisdiction to hear appeals from the determinations of the Pennsylvania Labor Relation Board. 42 Pa.C.S.A. §933.

In view of the above similarities, we find that the proceedings before the Pennsylvania Labor Relations Board are judicial in nature. The basis of plaintiff's complaint is allegation of libelous matter in the charges filed before the Labor Relations Board. We have examined the specification of charges and find that the same are relevant to a proper proceeding before the Board.

"When alleged libelous matter in pleadings is relevant and pertinent there is no liability for uttering it. Public policy requires that, even if at times the privilege of immunity for false and malicious averments in pleadings is abused. Justice can be administered only when parties are permitted to plead freely in the courts and to aver whatever ought to be known without fear of consequences, if a material and pertinent averment should not be sustained. Wrong may at times be done to a defamed party, but is is damnun absque injuria. The inconvenience of the individual must yield to a rule for the good of the general public." Kemper v. Fort, 219 Pa. 85, 67 Atl. 991 (1907).

Defendant next contends that the complaint must be dismissed because the statements, even if taken as true, do not constitute defamation. Since we have determined that defendant enjoyed absolute privilege, we need not address this argument. We will dismiss the complaint.

## ORDER OF COURT

And now, April 19, 1982, defendant's preliminary objections in the nature of a demurrer are sustained and the complaint is dismissed.